UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TIFFANY BARNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:16-cv-00021 |
| | ) |
| DEACONESS HEALTHSOUTH | ) |
| REHABILITATION HOSPITAL, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Tiffany Barnett ("Barnett"), by counsel, against Deaconess HealthSouth Rehabilitation Hospital, ("Defendant") for its discriminatory actions against her based on her disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq. ("ADA") and based on her gender in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e et. seq. and for wrongful termination in violation of Indiana State Law.

**II. PARTIES**

2. At all times relevant to this action, Barnett resided within the Southern District of Indiana.

3. Defendant is a corporation and maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 12117.

5. Jurisdiction is conferred on this Court for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Barnett's state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Barnett is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c).  At all relevant times, Defendant had knowledge of Barnett's disability and/or it regarded Barnett as being disabled and/or Barnett has a record of being disabled.

7. Barnett was an "employee" as defined by 42 U.S.C. § 12111(4).

8. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

9. Barnett was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

10. The Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

11. Barnett exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission.  Barnett received her Notice of Suit Rights for the Charge of Discrimination and timely files this action.

12. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV.  FACTUAL ALLEGATIONS

13. Barnett was hired on or about June 23, 2014 as a Rehabilitation Nurse Technician and Certified Nursing Assistant and held continuous employment with the Defendant until the date of her termination and/or constructive discharge.

14. During all relevant time periods, Barnett met or exceeded the Defendant's legitimate and reasonable performance expectations.

15. Barnett suffers from a recognized disability in her neck, shoulder and lower back which has an effect on major life activities such as caring for oneself and performing manual tasks.

16. On or about August 18, 2014, Barnett injured her neck, shoulder and lower back while assisting a patient she was caring for enter the shower room.

17. Barnett completed an injury complaint form on that date concerning the injury.

18. Also on that date, Barnett was sent to the Deaconess Comprehensive Center by her Director of Nursing, Trish Draeger ("Draeger") and a Human Resources representative and Barnett was provided work restrictions by the Deaconess physician on that date.

19. Despite the documented work restrictions, Barnett was ordered to perform tasks in violation of those work restrictions due to the facility being short on capable staff.

20. On September 20, 21 and 22, 2014, Barnett was removed from her regular work assignment.

21. On September 23, 2014, Barnett was contacted by Draeger and was informed that her work restrictions could not be accommodated and that she was being taken out of work and was going to be placed on Workers' Compensation.

22. Barnett attended required sessions at the Deaconess Gateway Pain Management facility and had an MRI performed which showed disc herniation and arthritis in her spine and was later given injections for pain management.

23. Barnett continued her treatments as required until May 13, 2015, when the doctor assigned to her at the Pain Management facility released her to return to work without restrictions not because Barnett was cured of her injury, but because Barnett was pregnant.

24. Barnett executed a release form to return to work on May 13, 2015 and was provided a return to work date of May 18, 2015.

25. Upon her return to work, Barnett found that the lock on her locker had been cut, her personal belongings had been cleaned out and another employee was now occupying that locker. Barnett also discovered she had been formally removed from the Defendant's computer system as an employee.

26. Barnett previously was informed she would be placed on day shift upon her return, but she was assigned an evening shift and was also informed she was not eligible to transfer to the Defendant's main campus despite no policy or rule in place which would make Barnett ineligible to apply for such a transfer. Barnett states similarly-situated employees have never been declared ineligible to transfer in the past.

27. On May 22, 2015, Barnett's disability became aggravated and she had to go to the emergency room for treatment.

28. Barnett was ordered off work by the emergency room doctor until her primary physician released her to return to work.

29. On May 26, 2015, Barnett reported to her primary physician who informed her that she could not treat Barnett at that time due to the Workers' Compensation claim and was informed she had to report back to the Defendant's doctor providing treatment for her through her Workers' Compensation claim.

30. Barnett was informed by the Workers' Compensation doctor that the doctor had closed her claim and that "she was stuck between a rock and a hard place" and that the only thing she could do was contact the Workers' Compensation carrier with a request they reopen her claim.

31. Barnett contacted Draeger on that date to discuss the issues but ultimately received no assistance and was not permitted to return to work.

32. Since the final contact on May 26, 2015, Barnett has received minimal, if any communication from the Defendant about the possibility of ever returning to work despite multiple phone calls and requests by Barnett to the Human Resources department.

33. The Defendant never allowing Barnett to return to work has resulted in her termination and/or constructive discharge and is a failure to accommodate on behalf of the Defendant.

34. Barnett believes she has received disparate treatment in her employment in comparison to similarly-situated male individuals and individuals who did not suffer from a disability.

35. Barnett was terminated due to her disability, gender and/or for filing for Workers' Compensation relief and was subjected to different terms and conditions in her employment than similarly-situated male employees and/or employees who did not suffer from a disability.

## V. LEGAL ALLEGATIONS

### COUNT I--ADA-DISABILITY DISCRIMINATION

36. Barnett hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint as if the same were set forth at length herein.

37. Defendant violated Barnett's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by discriminating against and then ultimately terminating her employment based upon her disability.

38. Defendant's actions were intentional, willful, and in reckless disregard of Barnett's rights as protected by the ADA.

39. Barnett has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II--GENDER DISCRIMINATION

40. Barnett hereby incorporates paragraphs one (1) through thirty-nine (39) of her Complaint as if the same were set forth at length herein.

41. Barnett was subjected to less favorable terms and conditions in her employment with the Defendant because of her gender.

42. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

43. Defendant's conduct was deliberate, willful, and in reckless disregard for Barnett's civil rights.

44. Barnett has suffered damages as a result of Defendant's unlawful conduct.

## COUNT III—WRONGFUL TERMINATION

45. Barnett hereby incorporates paragraphs one (1) through forty-four (44) of her Complaint as if the same were set forth at length herein.

46. Defendants violated Barnett's rights as protected by Indiana state law by retaliating against her filing for Worker's Compensation relief by never allowing her to return to work and ultimately constructively discharging her from employment.

47. Defendant's actions were intentional, willful, and in reckless disregard of Barnett's rights as protected by Indiana state law.

48. Barnett has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Tiffany Barnett, by counsel, respectfully requests this Court find for Plaintiff and order Defendant to:

1. Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability, gender and/or for filing for Workers' Compensation relief;

2. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for the Defendant's unlawful employment actions, or award her front pay;

3. Pay Plaintiff's lost wages and benefits;

4. Pay to Plaintiff compensatory, consequential and punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:          baylsworth@bdlegal.com

*Attorneys for Plaintiff, Tiffany Barnett*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Tiffany Barnett, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

        Respectfully submitted,

        /s/Benjamin R. Aylsworth
        Benjamin R. Aylsworth, Attorney No. 29817-87
        BIESECKER DUTKANYCH & MACER, LLC
        411 Main Street
        Evansville, Indiana  47708
        Telephone:     (812) 424-1000
        Facsimile:      (812) 424-1005
        Email:             baylsworth@bdlegal.com

        *Attorneys for Plaintiff, Tiffany Barnett*